**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERIN WEINBERG, JANE DOE, JAIME MAGNETICO-WALSH, ERIN VEDRODE, SARAH URBANSKI, ALLISON URBANSKI, RYAN McELROY, and CHARITY BILLINGS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COOPERGENOMICS, INC., COOPERSURGICAL, INC., and THE COOPER COMPANIES, INC.,<br><br>Defendants. | **No. 2:24-cv-09505-MEF-LDW**<br><br>**JOINT AND AGREED DISCOVERY PLAN** |

**1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.**

Plaintiffs' Statement:

Defendants market and sell preimplantation genetic testing for aneuploidy ("PGT-A") to people pursuing in vitro fertilization ("IVF") as a non-FDA-approved genetic test and unregulated add-on to the IVF process. Plaintiffs allege that Defendants used false, deceptive, unfair, and misleading advertising and promotion to sell PGT-A to consumers, and that Plaintiffs and the proposed Class relied on Defendants' affirmative false and misleading statements and material omissions in

purchasing PGT-A as an add-on to their IVF treatment and, as a result, suffered damages which include, without limitation, the out-of-pocket costs paid by Plaintiffs and Class members relating to such tests and other economic damages and penalties. Plaintiffs' allegations are supported by current scientific evidence.

Plaintiffs alleged viable claims and have already overcome Defendants' Rule 12(b)(6) motion and Motion to Strike Class Allegations with respect to all of Plaintiffs' causes of action, including: (a) Violations of Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. Ann. § 42-110a, et seq. ("CUTPA"); (b) Violations of the Colorado Consumer Protection Act, C.R.S. 1963: §6-1-101, et seq.; (c) Violations of Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, et seq.; (d) Violations of the Michigan Consumer Protection Act, MCL § 445.901, et seq.; (e) Violations of New York Consumer Protection GBL § 349, et seq.; (f) Violations of New York Consumer Protection GBL § 350; (g) Violations of California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. (Unfair and Fraudulent Prongs); (h) Violations of California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. (Unlawful Prong); (i) Violations of California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, et seq.; (j) Violation of North Carolina's Unfair Deceptive Trade Practices Act, N.C. Gen. Stat. Ann. § 75-1, et seq.; (k) Breach of the Implied Warranty of Merchantability (multiple

states); (l) Breach of the Implied Warranty of Usability (multiple states); (m) fraud; (n) fraud by concealment; and (o) unjust enrichment.

Defendants' Statement:

This Complaint is one of eight purported class actions that the same plaintiffs' counsel has filed in various jurisdictions across the nation against companies performing PGT-A testing, which helps patients navigate the IVF process by identifying chromosomal abnormalities in embryos. Plaintiffs critique PGT-A testing generally but fail to acknowledge the specific and unique nature of Defendants' business, including their technology, methodology, disclosures, and indirect patient relationships. Indeed, Plaintiffs' attacks are based on scientific studies that have nothing to do with Defendants' PGT-A testing and a failure to acknowledge the role played by clinicians in recommending and ordering PGT-A testing from Defendants. Defendants raise affirmative defenses based on (1) Failure to State a Claim; (2) Statutes of Limitations; (3) Laches; (4) Assumption of Risk; (5) Waiver/Forfeiture; (6) Consent/Ratification; (7) Learned Intermediary Doctrine; (8) Failure to Mitigate; (9) Comparative Fault; (10) Lack of Standing; (11) Unjust Enrichment; (12) Equitable Estoppel; (13) Lack of Privity; (14) Adequate Remedy at Law; (15) Conduct of Third Parties; and (16) Free Speech.

**2. Have settlement discussions taken place?**

The Parties have engaged in preliminary alternative dispute resolution discussions and have scheduled mediation before Judge Diane Welsh (Ret.) of JAMS Philadelphia in September 2025.

**3. The parties have not exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.**

The Parties have agreed to exchange this information by Tuesday, July 29, 2025.

**4. Describe any discovery conducted other than the above disclosures.**

The Parties held their Rule 26(f) conference on July 16, 2025. On July 10, 2025, Plaintiffs served their First Set of Interrogatories and First Set of Requests for Production on Defendants. The Parties agree that responses to these written discovery requests are due by August 15, 2025 (thirty days after the Rule 26(f) conference).

**5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.**

If this case does not resolve at mediation in September, Plaintiffs anticipate filing a Motion to Amend Complaint to add class representatives who reside in states additional to those pleaded in Plaintiffs' Complaint.

In addition, Plaintiffs will file a Motion for Class Certification following the conclusion of fact discovery, and the Parties reserve the right to file potential

*Daubert* motions regarding experts in connection with the class certification motion. Defendants intend to contest the certification of any class in this action.

**6. The parties propose the following:**

**(a) Discovery is needed on the following subjects:**

Plaintiffs anticipate taking discovery regarding: class member information and data related to Defendants' sale and use of PGT-A testing; the claims and omissions made by Defendants to advertise, sell, and promote its PGT-A to patients and doctors; Defendants' policies, practices, and procedures concerning their marketing and advertising statements; the scientific support and research for Defendants' marketing and advertising statements regarding PGT-A (and/or lack of support); Defendants' business relationships related to its sale of PGT-A; information related to the testing platforms utilized by Defendants for its PGT-A, including the amplification and informatics utilized and any changes to the platforms; validation studies performed by Defendants on its PGT-A testing platforms; and Defendants' affirmative defenses; Defendants' consent forms provided to consumers; and how Defendants' PGT-A is conducted and performs in reality.

Defendants anticipate taking discovery regarding: Plaintiffs' allegations in the Complaint; the science underlying IVF and PGT-A; Plaintiffs' and other patients' purchasing decisions in connection with IVF and PGT-A, including the role played

by clinicians in such decisions; the nature of the commercial relationships among Plaintiffs and other patients, fertility clinics and doctors, and Defendants; consumer and market research, statistics, analysis and surveys; and regulatory, academic, and professional entities relevant to PGT-A.

**(b) Should discovery be conducted in phases? If so, explain.**

The parties agree on the following schedule for class certification briefing and fact discovery:

- Plaintiffs' motion for class certification, along with any supporting expert reports, shall be due on May 11, 2026.
- Defendants' opposition to class certification, along with any supporting expert reports, shall be due by July 10, 2026.
- Plaintiffs' reply brief in support of class certification, along with any rebuttal expert reports, shall be due by August 10, 2026.
- Close of All Fact Discovery: October 15, 2026.

The Parties agree that neither shall withhold discovery on the basis that discovery should be bifurcated between class and merits, but Defendants reserve the right to oppose certain discovery requests as improper prior to the certification of a class (*e.g.*, Personally Identifiable Information and Protected Health Information of absent members of the putative class).

**(c) Number of Interrogatories by each party to each other party:**

The parties agree on a limit of 25 written interrogatories, including all discrete subparts, pursuant to Fed. R. Civ. P.33(a)(1).

**(d) Number of Depositions to be taken by each party:**

Each side shall be entitled to take a deposition of each opposing party plus the primary doctor (singular) involved in each Plaintiff's PGT-A testing, plus up to an additional eight (8) fact depositions, plus depositions of any experts designated by an opposing party. To the extent any party wishes to take additional depositions beyond those set forth above, the Parties agree to meet and confer on the issue pursuant to Local Civil Rule 16.1(f) and the Magistrate Judge's judicial preferences. If the Parties are unable to reach an agreement, the party seeking additional depositions may seek leave of court pursuant to Federal Rule of Civil Procedure 30(a)(2).

**(e)-(f), (h)-(j), (l), (n) Expert reports; dispositive motions; completion of fact and expert discovery; pretrial conference; trial.**

The Parties have met and conferred and agree that a schedule concerning merits expert discovery on damages, dispositive motions, and the setting of a pretrial conference and a trial date should occur after the Court rules on Plaintiffs' Motion for Class Certification.

**(g) Motions to Amend or to Add Parties to be filed by.**

The Parties agree that motions to amend or to add parties shall be filed by October 31, 2025.

**(k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:**

The parties anticipate filing an agreed Protective Order and an agreed eDiscovery protocol by August 8, 2025, and have begun meeting and conferring concerning these topics.

**(m) Trial by jury or non-jury Trial?**

Plaintiffs have requested a trial by jury of all issues so triable as of right.

**7. Do you anticipate any discovery problems(s)?**

No.

**8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?**

Yes.

**If so, explain.**

The Parties anticipate that some depositions may be videotaped, and/or taken remotely, and plan to meet and confer and cooperate concerning the potential use of virtual technology in connection with some depositions as appropriate. The parties will meet and confer concerning the necessity for, and content of, any remote deposition protocols. For the avoidance of doubt, the foregoing is not intended to create any right to take remote depositions that does not otherwise exist.

**9. State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate**

**at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motion, etc.).**

The Parties do not believe this case is appropriate for these special procedures as they have agreed to engage in cooperative ADR-related discovery and participate in mediation before the Honorable Diane Welsh (Ret.) of JAMS Philadelphia in September 2025. The Parties will promptly notify the Court if the case resolves via mediation or otherwise.

**10. Is this case appropriate for bifurcation?**

No. See proposed joint and agreed schedule set forth above.

**11. The Parties do not consent to the trial being conducted by a Magistrate Judge**.

Dated: July 25, 2025

Respectfully submitted,

*/s/ Russell D. Paul*
**BERGER MONTAGUE PC**
Russell D. Paul (NJ Bar. No. 037411989)
Shanon J. Carson (pro hac vice)
Dena Young (NJ Bar No. 033022010)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 875-3000
rpaul@bm.net
scarson@bm.net
dyoung@bm.net

*/s/ Matthew D. Stockwell*
Matthew D. Stockwell (NJ Bar No. 03292-2005)
31 W. 52nd St.
New York, NY 10019
(212) 858-1000
matthew.stockwell@pillsburylaw.com

Dianne L. Sweeney (pro hac vice)
2550 Hanover Street
Palo Alto, CA 94304-1115
(650) 233-4500
dianne@pillsburylaw.com

**CONSTABLE LAW, P.A.**
Allison S. Freeman (pro hac vice forthcoming)
139 6th Avenue S
Safety Harbor, Florida 34695
(727) 797-0100
allison@constable-law.com

Paula S. Bliss (pro hac vice forthcoming)
210 Washington St.
No. Easton, MA 02356
(508) 230-2700
paula@justicelc.com

*Counsel for Plaintiffs*

Lee Brand (pro hac vice)
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
(415) 983-1000
lee.brand@pillsburylaw.com

Shani Rivaux (pro hac vice)
600 Brickell Avenue, Suite 3100
Miami, FL 33131
(786) 913-4900
shani.rivaux@pillsburylaw.com

*Counsel for Defendants*